IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 18-CR-2670 MV |
| | § | |
| TASHQUIN DAVIS, | § | |
| | § | |
| Defendant. | § | |

## OBJECTION TO PRESENTENCE REPORT

TASHQUIN DAVIS, through his undersigned counsel, objects to Paragraph 35 of the PSR, applying a two level enhancement for vulnerable victim, and the paragraphs which calculate offense level based upon this enhancement (38, 42, 84, and 85).

In paragraph 9(b) of the plea agreement (Doc. 27), the government agreed "to recommend to the Court that the 'vulnerable victim' enhancement contained with USSG § 3A1.1 not apply to Defendant's sentencing guidelines calculation."  This recommendation, with which the defense obviously agrees, is based both in fact and law.

*Relevant law*

USSG § 3A1.1(b)(1) reads, " If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels."  The application note clarifies that the mere status of vulnerability is insufficient; there must be some nexus with

an unusual vulnerability:

> Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability.  <u>The adjustment would apply, for example, in a fraud case in which the defendant marketed an ineffective cancer cure or in a robbery in which the defendant selected a handicapped victim</u>.  But it would <u>not apply</u> in a case in which the defendant sold fraudulent securities by mail to the general public and <u>one of the victims happened to be senile</u>.  Similarly, for example, a bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank.

App. Note 2 (emphasis added).  Mr. Davis does not claim that the victim must be selected or targeted due to his or her vulnerability, but there must be some nexus; "it would <u>not apply</u> in a case in which the defendant sold fraudulent securities by mail to the general public and <u>one of the victims happened to be senile</u>." *See, United States v. Monostra*, 125 F.3d 183, 190 (3d Cir. 1997):

> The enhancement may be applied when the defendant knew or should have known of the victim's susceptibility. [citation omitted] Monostra worked in close proximity to Landis and certainly should have known of Landis' visual impairment.  Nevertheless, we agree that the enhancement may not be applied absent a showing that the victim's vulnerability or susceptibility facilitated the defendant's crime in some manner. Webster's Ninth Collegiate Dictionary (1988) defines the word "susceptible" as "open, subject or unresistant to some stimulus, influence or agency." The word "vulnerable" is defined as "open to attack or damage." *Id.*  Both definitions imply that the weakness of the object contributes to the successful operation of the subject. Thus, the use of the words "susceptible" and "vulnerable" in § 3A1.1 indicates that the enhancement is to be applied when the defendant has taken advantage of the victim's weakness.

Age alone is likewise insufficient to support this enhancement.  *United States v. Tissnolthos,*

115 F.3d 759 (10th Cir. 1997).  Finally, the level of vulnerability must rise to the level of being "unusual."  *United States v. Creech,* 913 F.2d 780 (10th Cir. 1990); *United States v. Chee*, 514 F.3d 1106 (10th Cir. 2008).

### *Relevant facts*

As indicated in the PSR and Dr. Johnson's psychological evaluation,[1] Mr. Davis was intoxicated to the point of being in a partial blackout at the time. He can only remember bits and pieces of what happened, and he has no explanation for his violent reaction to being denied alcohol. There was no showing Mr. Davis was aware of his victim's age or that the victim's age had anything to do with what happened; Mr. Davis' blacked out pursuit of more alcohol, and the response to being refused, would have resulted if it had been the grandson, the son, nephew, cousin, or a visitor who refused to provide him with more. The victim's age and the fact he was lying down in bed (although not bedridden) had nothing to do with this offense.

Application of the enhancement in this situation would not be consistent with the recognized intent of the enhancement:

> Courts have consistently followed the "just deserts" rationale for applying Section 3A1.1: Virtually every circuit has affirmed language which articulates the purpose of the vulnerable victim provision as a vehicle to give extra punishment to the more criminally depraved.[74] Several of these courts

---

[1]     Which will be supplied as a sealed attachment or addendum to Mr. Davis' sentencing memorandum.

*OBJECTION TO PSR*
*US V. TASHQUIN DAVIS*                                                                                      *PAGE 3*

have expounded further on the nature of Section 3A1.1's purpose by noting that this depravity is evidenced by victimizing a person who is less able to defend herself,[75] thus signaling that she needs greater societal protection.

Jay Dyckman, *Brightening the Line: Properly Identifying a Vulnerable Victim for Purposes of Section 3A1.1 of the Federal Sentencing Guidelines*, 98 COLUM. L. REV. 1960, 1974-75 (1998).  To apply the "just deserts" rationale to a situation such as present here, where it was adults, including the victim's son, who got Mr. Davis so drunk his reasoning capacity was severely impaired and he was mostly in a blackout, and where he stumbled to the house where he believed he could find more alcohol, would frustrate the purpose of the enhancement.  The depravity sought to be punished is just not found here, particularly when one looks elsewhere in Mr. Davis' life:  he had no arrests, much less convictions, prior to this.  Not surprising, a large number of decisions applying this enhancement involve fraud offenses, where defendants took advantage of their victims' gullibility or lack of sophistication and had a pattern of abuse; *see, e.g., United States v. Albert,* (not reported in F. Supp.)  2008 WL 4104117, *3 (D.N.M. 2008)

> Albert was employed as an in home care giver for the elderly and disabled. she [used] her place of employment as a starting point to obtain personal data of each victim. . . .Additionally, [Albert] has several prior convictions for offenses involving the same type of victims as those in the instant offense, and her access to those victims['] personal dat[a] was opportunistic based on her employment as an in-home care giver.

and *United States v. Williams,* 21 Fed. Appx. 824, 825 (10th Cir. 2001) ("Mr. Williams advertised and solicited clients for whom he prepared living trusts. . . . Mr. Williams

promised that as an agent of Zenith Investment Group he could guarantee a minimum 7½ % return on all money invested."). That is not the case here.

What happened here is a tragedy, but there is no relationship between the victim's age and the offense. The vulnerable victim enhancement under USSG § 3A1.1 is inapplicable.

> Respectfully submitted,
>
> FEDERAL PUBLIC DEFENDER
> 111 Lomas NW, Suite 501
> Albuquerque, NM 87102
> (505) 346-2489
>
>
> _____*[Electronically filed]*_____
> Kari Converse
> *Attorney for Mr. Davis*