IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 18-2670-MV |
| | ) | |
| vs. | ) | |
| | ) | |
| **TASHQUIN DAVIS**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTION TO PRESENTENCE REPORT

The United States respectfully submits this response to Defendant's sentencing memorandum and objections to presentence report (PSR). The United States hereby requests the Court grant Defendant's objections to the PSR and sentence Defendant to imprisonment for 262 months, followed by five years of supervised release with the conditions contained in attachment A of the Presentence Investigation Report, a $100 special penalty assessment, and restitution is appropriate in this matter.

**I.   Facts**

On July 24, 2018, Defendant consumed alcohol with several people in Shiprock, New Mexico. (Doc. 29, ¶¶ 9-10). After becoming intoxicated, Defendant went to his neighbor's house to acquire more alcohol. *Id*., ¶ 11. Defendant's seventy-year-old neighbor, John Doe, was home with his wife. *Id*. When Defendant entered the house, Doe confronted him and refused to give him alcohol. *Id*. Enraged, Defendant punched Doe in the face twenty to thirty times in front of his frantic wife. *Id*. Defendant found a knife, stabbed Doe, and fled the scene. *Id*. Doe

died from the injuries he sustained from Defendant.  *Id*.  Doe's wife passed away a few days later.  *Id*.

On July 25, 2018, Defendant was charged by complaint with murder.  (Doc. 1).  On August 15, 2018, a federal grand jury indicted Defendant for second-degree murder in Indian Country in violation of 18 U.S.C. § 1111 and 1153.  (Doc. 12).  On March 13, 2019, Defendant pleaded guilty to the indictment.  (Doc. 27).  As part of the plea agreement, the United States agreed to recommend that the Court refrain from applying a vulnerable victim enhancement.  *Id*., ¶ 9(b).

On May 8, 2019, the USPO submitted a PSR to the Court.  (Doc. 29).  The USPO calculated Defendant's guidelines range as 262 to 327 months of imprisonment.  *Id*., ¶ 84.  The USPO advised that a "sentence within the advisory guideline range may be warranted in this case."  *Id*., ¶ 100.  On August 5, 2019, Defendant filed an *Objection to the Presentence Report*.  (Doc. 33).  On August 16, 2019, Defendant filed a sentencing memorandum, seemingly requesting a downward variance without specifying a sentence.  (Doc. 35).  The United States asserts that full consideration of the sentencing factors warrants imprisonment of Defendant for 262 months followed by five years of supervised release with the conditions described in the PSR.

   **II.**  **Objections to Presentence Report**

On August 5, 2019, Defendant filed an *Objection to the Presentence Report*.  (Doc. 33).  Defendant requested the Court refrain from applying the vulnerable victim enhancement and accordingly amend the relevant paragraphs of the PSR.  *Id*.  Pursuant to the plea agreement, the United States agrees with Defendant's objection.   After careful consideration of the evidence and authority, the United States agreed to the recommendation because a court should only apply the enhancement if "the defendant intentionally selected" the victim due to his age.  U.S.S.G. §

2

3A1.1(a).  Advanced age alone is insufficient support for the application of the enhancement.  *United States v. Tissnolthtos*, 115 F.3d 759 (10th Cir. 1997).  Although it is uncontested that Doe was seventy at the time of the murder, evidence does not support that Defendant "selected" Doe due to his age.  Rather, Defendant appeared to have selected Doe due to his refusal to provide Defendant with alcohol.  Therefore, the United States submits that the appropriate guidelines range should be 210 to 262 months.

### III.     Analysis Under 18 U.S.C. § 3553(a)

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing.  *See United States v. Booker*, 543 U.S. 220 (2005).  While a sentence within the guidelines is presumptively reasonable, a court may vary after consideration of all of the sentencing factors.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  The greater the degree of variance, the greater the justification needed.  *Id.*

A variance is unwarranted.  Full consideration of the sentencing factors supports an imposition of sentence within the presumptively reasonable guidelines range.  While several factors weigh neutrally, the nature and circumstances of the offenses, defendant's history and characteristics, need for adequate deterrence, the applicable sentencing guidelines, and the need to avoid disparities support an imposition of a guidelines sentence.

#### A.     The Nature and Circumstances of the Offenses and the Defendant's History and Characteristics

A court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  *Id.* § 3553(a)(1).  This analysis "is aimed at distinguishing among defendants who commit a particular offense or type of offense."  *United States v. Irey*, 612 F.3d 1160, 1202 (11th Cir. 2010).  In distinguishing, a court may take into account brutality.

3

*United States v. Jim*, 347 F. Supp. 3d 847, 867 (D.N.M. 2018).  Furthermore, a court may consider whether defendant's conduct resulted in multiple victims.  *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014).

The nature and circumstances of the offense supports imprisonment for 262 months.  Defendant murdered a seventy-year-old Vietnam veteran by repeatedly punching and stabbing him.  Defendant perpetrated this brutal murder in front of the victim's wife.  The victim's wife passed away days later.  Although the United States concedes it could not establish causation for criminal culpability purposes, it is reasonable to infer that watching her husband's brutal murder had a negative effect on her health.

A downward variance relating to defendant's history and characteristics is unwarranted.  Admittedly, Defendant is a young man with a troubled childhood.  At age eighteen, his first criminal charge was a second-degree murder perpetrated while he was intoxicated.  This was his first murder, but the substance abuse issues that caused it had existed for years.  (Doc. 29, ¶¶ 73-75).  Despite his unique perspective of the perils of substance abuse, he continued their use, culminating in the murder of John Doe.  While the United States is sympathetic to his difficult upbringing and mental health issues, Defendant's poor choices caused the death of an innocent man.  Even without a variance, Defendant will be released from prison in his thirties.  Doe's family will never see him or his wife again.

> **B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant**

A sentence within the guidelines range would reflect the seriousness of the offense and provide adequate deterrence.  Deterrence includes both general deterrence and specific deterrence.  *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006).  While general

deterrence's goal is to "deter others from committing the same crime by demonstrating its disadvantageous consequences," specific deterrence's goal is "to incapacitate the wrongdoer, so as to protect society from further criminal activity." *United States v. Irey*, 612 F.3d 1160, 1227 (11th Cir. 2010). An overly lenient sentence "signals to others that it is not a big deal to repeatedly defy United States' laws." *United States v. Corchado-Aguirre, 15-2115*, 2015 WL 6123216 (10th Cir. Oct. 19, 2015).

      A sentence of 262 months of imprisonment reflects the seriousness of the seriousness of the offense. Second-degree murder is one of the most serious federal crimes. Congress clearly indicated the severity of the crime by making the maximum penalty imprisonment for life. 18 U.S.C. § 1111(b). Furthermore, as a general deterrent, a sentence within the guideline range discourages the type of violence perpetrated by Defendant. As a specific deterrent, Defendant will be incapacitated from committing this type of crime against his community for the duration of his prison sentence.

### C. The Sentencing Guidelines for the Applicable Category of Offense Committed by the Applicable Category of Defendant

      The Court must consider under 18 U.S.C. § 3553(a)(4) the sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant. The Supreme Court has recognized that even in the post-*Booker* world "the [Sentencing] Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise . . .'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). "In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve 3553(a)'s objectives.'" *Id*. "[A] sentence within the correctly determined advisory guidelines range is entitled to a rebuttable

presumption of reasonableness." *United States v. Mateo*, 471 F.3d 1162, 1169 (10th Cir. 2006). A court must provide "compelling reasons" for divergence from the advisory guideline range. *Id*.

A sentence within the applicable range is supported by an analysis of the sentencing guidelines and related precedent. If the Court sustains Defendant's objection to the PSR by refraining from applying the vulnerable victim enhancement, his advisory guideline range is 210 to 262 months. U.S.S.G. § 5A. A sentence within this range would be presumed reasonable upon appellate review.

### D. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records who have Been Found Guilty of Similar Conduct

The court must consider the need to avoid unwarranted sentence disparities among defendants situated similarly. 18 U.S.C. § 3553(a)(6). A sentence within the statutory limit, accounting for the guideline range is the best approach to preventing unwarranted sentencing disparities between similarly-situated defendants. The values of the justice system are undermined when there is substantial variance in sentences for similar offenses between judicial districts and even between individual judges in a single district. Furthermore, uniform application of the Guidelines can temper the unconscious influence of inappropriate factors in sentencing such as race or gender. Given the compelling interest served by the Guidelines in avoiding unwarranted and unjust disparities in sentencing, a sentence of 262 months is appropriate.

A variance based upon Defendant's claimed disparity is unsupported. In his *Sentencing Memorandum*, Defendant claimed that "in the entire country, there are but six comparable cases," resulting in an average sentence of 159 2/3 months. (Doc. 35, p. 15). It is unclear where Defendant obtained his information but according to the United States Sentencing Commission,

6

in 2018, there were 318 defendants sentenced for murder. https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2018/Table28.pdf.  The Commission found that 101 murder defendants were assigned criminal history category I.  *Id*.  Of those convicted of murder with a criminal history category of I, the average sentence was 289 months.  *Id*.  Therefore, even a sentence of 262 months is below the national average.  Any additional reduction of the sentence would exacerbate the disparity.

### IV.     Conclusion

WHEREFORE, the United States hereby requests the Court grant *Defendant's Objection to the Presentence Report* (Doc. 33), adopt the remaining findings in the PSR, deny Defendant's motion for downward variances and sentence Defendant to imprisonment for 262 months, followed by five years of supervised release with the conditions contained in attachment A of the PSR, a $100 special penalty assessment, and restitution.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on August 19, 2019*

JOSEPH M. SPINDLE
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused counsel of record to be served by
electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on August 19, 2019.

\_\_/s/_____
JOSEPH M. SPINDLE
Assistant U.S. Attorney